### In re OLYMPIA HOLDING CORPORATION, et al., Debtors.

**Lloyd T. WHITAKER, as Trustee of the Estate of Olympia Holding Corporation, Debtor, Plaintiff,**

v.

**TUBE LIGHT COMPANY, INC., a New Jersey corporation, Defendant.**

**Bankruptcy No. 90–4223–BKC–3P7. Adv. No. 92–17079.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 20, 1995.

Steven R. Browning, Robert M. Poppell and Jennifer C. Pinson–Harvey, Jacksonville, FL, for debtors.

Gary J. Lublin, Orlando, FL, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon TUBE LIGHT COMPANY, INC.'s, a New Jersey corporation ("Defendant"), Motion for Bankruptcy Rule 9011 Sanctions against LLOYD T. WHITAKER, as Chapter 7 Trustee ("Plaintiff") and Steven R. Browning ("Plaintiff's Counsel"). An evidentiary hearing was held on May 11, 1995. Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Olympia Holding Corporation a/k/a P\*I\*E Nationwide, Inc. ("P\*I\*E") was a common carrier in the business of transporting goods. The Defendant is a New Jersey corporation. There is also Tube Light Company, Inc., a Florida corporation; Tubelite Company, Inc., a North Carolina corporation; Tubelite Company, Inc., a Tennessee corporation; and Tubelite Company, Inc., a California corporation, all of which are separate and distinct corporate entities. P\*I\*E provided transportation services to each of these corporations.

In August of 1992, Plaintiff, as Chapter 7 Trustee for P\*I\*E filed an Adversary Complaint against the Defendant seeking damages in the amount of $148,311.25. The Complaint was signed by W. Kelsea Wilber. It is undisputed that the Adversary Complaint overstated damages by approximately $140,000.00. The other Tube Light entities were not listed as Defendants.

In October of 1992, the Defendant filed its Answer and Affirmative Defenses. In Paragraph 5 of its Answer, the Defendant specifically denied that all of the freight bills which were listed on Exhibit "A" to the Complaint related to services rendered to it. Additionally, the Defendant's counsel corresponded with the Plaintiff's agents on several occasions advising them that not all of the freight bills attached to the Complaint applied to Defendant. Specifically, the Defendant's counsel informed the Plaintiff's agents that only three (3) of the invoices related to transportation services provided to it by P\*I\*E.

In its defense, the Plaintiff offered the testimony of George Coseo, a former manager of overcharge claims and revisions in the traffic department of P\*I\*E. According to Mr. Coseo, it was the general practice of P\*I\*E to bill corporations at the locality where the shipments were sent. P\*I\*E records indicated that Tube Light Company, Inc. had nine (9) separate locations. However, in its Complaint, the Plaintiff sued only the Defendant and sought to hold it responsible for all services rendered to any of the different locations.

Mr. Coseo also testified that the Adversary Complaint overstated damages by approximately $140,000.00. According to Mr. Coseo, the overstatement was due to a clerical error in that the clerk erroneously typed "67411075" instead of "67410075". This error was discovered around October 1992 by one of P*I*E's auditors and was made known to the Plaintiff at that time. Mr. Coseo was aware of other errors of a similar nature that occurred, but was unaware of any procedures in place to prevent such errors from recurring.

On or about February 1, 1995, the Defendant filed its Motion for Rule 9011 Sanctions against the Plaintiff and Plaintiff's Counsel seeking $3,494.00 for its attorneys' fees and $332.10 for costs incurred. On April 24, 1995, the Defendant filed a motion for summary judgment. On May 5, 1995, the Plaintiff filed its Motion for Leave to File Amended Complaint.

### CONCLUSIONS OF LAW

It is the Defendant's contention that based upon these facts, it is entitled to all of the attorneys' fees and costs incurred in defending itself in the adversary proceeding under Rule 9011, Bankruptcy Rules.

Pursuant to Rule 9011, Bankruptcy Rules, "the signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law ..."

From the facts presented, it appears that the Adversary Complaint filed by the Plaintiff overstated the damages by approximately $140,000.00. The Plaintiff contends that the overstatement was the result of a clerical error and that they should therefore not be held responsible. However, according to the Plaintiff's own witness, Mr. Coseo, the overstatement was discovered by P*I*E's auditors in October of 1992 and the Plaintiff became aware of the overstatement at that time.

Additionally, the Plaintiff and its counsel were informed of the overstatement in the Defendant's Answer filed in October of 1992 as well as in correspondence originating from the Defendant's counsel from July 28, 1993, through June 1994.

Despite the knowledge that they had overstated damages by approximately $140,000.00, the Plaintiff and its counsel did not move to amend its Adversary Complaint to correct this error until May 5, 1995, approximately two and one-half years after the error was discovered, after the Defendant's Motion for Sanctions was filed and only six (6) days prior to the hearing on the Defendant's Motion for Rule 9011 Sanctions.

Once the overstatement was brought to the Plaintiff's attention, the Plaintiff and Plaintiff's Counsel had an affirmative duty to amend the pleadings to reflect the true amount of damages while the Adversary Proceeding was being prosecuted. Based upon their failure to so amend the pleadings, the Plaintiff and its counsel are in violation of Rule 9011, Bankruptcy Rules.

Although the Defendant has requested damages in the amount of $3,494.00 for its attorneys fees and $332.10 for costs incurred, the Defendant is only entitled to attorneys fees in the amount of $1,000.00 and costs in the amount of $321.25, which costs are comprised of $96.00 for copying charges, $45.00 for facsimile charges, and $180.25 for obtaining certified copies of the Certificate of Good Standing and Articles of Incorporation of the different Tube Light Company, Inc. corporations.